IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASCADES BRANDING INNOVATION LLC<br><br>Plaintiff,<br>vs.<br><br>WHOLE FOODS MARKET, INC.<br><br>Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGMENT

Plaintiff Cascades Branding Innovation LLC ("Cascades") complains against Whole Foods Market, Inc. ("Whole Foods") as follows:

### THE PARTIES

1. Plaintiff Cascades is an Illinois limited liability company having a place of business at 500 Skokie Boulevard, Suite 250, Northbrook, Illinois. Cascades is the exclusive licensee and holder of all substantial rights to U.S. Patent Nos. 7,768,395, 8,106,766 and 8,405,504, referred to below as the "Cascades Patents." Cascades has standing to sue for infringement of the Cascades Patents. The Cascades Patents are entitled "BRAND MAPPING," and relate to improvements in mobile devices to allow them to locate branded products and services in their vicinity.

2. Defendant Whole Foods is a Texas corporation having a principal place of business in Austin, Texas. Whole Foods provides its customers the Whole Foods application, aspects of which Cascades contends infringe the Cascades Patents as alleged below. The Whole Foods application operates on consumers' smart phones and like devices (such as the Apple iPhone and Android phones), and allows such phones and devices to enable users to select a Whole Foods-branded icon to locate Whole Foods-

branded supermarket locations in their vicinity on a map, without the users having to manually enter a device location.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, e.g., 35 U.S.C. §§ 271, 281, 283-285. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant Whole Foods conducts significant business in the State of Illinois, and in this judicial district. Accordingly, this Court has personal jurisdiction over Whole Foods, and venue is proper in this Court under 28 U.S.C. § 1391 and/or 1400.

## FACTUAL BACKGROUND

5. Inventor Steven K. Gold is a medical doctor by degree who attended medical school to pursue his dream of inventing medical device technologies, as shown by his first two issued patents. Dr. Gold benefits financially from Cascades' licensing successes. Following medical school, Dr. Gold became a successful entrepreneur and started companies in the life sciences and other fields. Dr. Gold now teaches entrepreneurship at the college level. Dr. Gold invented and filed for the Cascades Patents before the first sale in 2007 of the Apple iPhone. The '395 Patent issued on August 3, 2010, the '766 Patent issued on January 31, 2012, and the '504 Patent issued on March 26, 2013.

6. Whole Foods has been aware of the '395 and '766 Patents since at least approximately July 7, 2011, the date of a Notice of Infringement sent to Whole Foods on behalf of Cascades. The Notice of Infringement included an infringement claim chart for the '395 Patent, gave notice of a pending continuation application corresponding to U.S.

2

Publication No. 2010/0302027 (issued as the '766 Patent), and made a firm license offer to abate Whole Foods' infringement. Whole Foods did not accept the license offer. Follow-up letters were sent offering a license again on August 1, 2011, March 23, 2012, November 29, 2012, and February 21, 2013 (which gave Whole Foods notice of U.S. Publication Nos. 2013-0029691 (issued as the '504 Patent) and 2013-0040663 (issued as U.S. Patent No. 8,451,114)) and April 3, 2013. Whole Foods has never responded. Its infringement has therefore been reckless, without objective basis, and willful.

## COUNT I – '395 PATENT

7. Cascades hereby incorporates paragraphs 1-6 above by reference.

8. Whole Foods has infringed at least claims 1, 3, 4, 7, 10, 17, 18, 23, 24, 25, 27, 29, 31, 32, and 35 of the '395 Patent through, among other activities, making, using (for example by testing), offering to sell, and/or selling the Whole Foods application. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Whole Foods. Whole Foods has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States). Whole Foods has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Whole Foods application, which is not a staple article of commerce capable of substantial non-infringing use.

9. As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §

3

284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT II – '766 PATENT

10. Cascades hereby incorporates paragraphs 1- 9 above by reference.

11. Whole Foods has infringed at least claims 1, 2, 3, 4, 8, 13, 14, 15, 16, 17 and 22 of the '766 Patent through, among other activities, making, using (for example by testing), offering to sell, and/or selling the Whole Foods application. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Whole Foods. Whole Foods has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States). Whole Foods has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Whole Foods application, which is not a staple article of commerce capable of substantial non-infringing use.

12. As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT III – '504 PATENT

13. Cascades hereby incorporates paragraphs 1- 12 above by reference.

4

14. Whole Foods has infringed at claims 1, 15, 17, 18, 22, 24, 26, 28, 42, 45, 49, 51, 53, 55, 56, and 57 of the '504 Patent through, among other activities, making, using (for example by testing), offering to sell, and/or selling the Whole Foods application. Its infringement may include additional products, services and technologies (to be determined in discovery) marketed or used by Whole Foods. Whole Foods has also knowingly and intentionally actively aided, abetted and induced others to infringe (such as its customers, users, application downloaders and/or business partners in this judicial district and throughout the United States). Whole Foods has also knowingly contributed to customer infringement, within the meaning of 35 U.S.C. § 271(c), by among other things providing the Whole Foods application, which is not a staple article of commerce capable of substantial non-infringing use.

15. As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cascades asks this Court to enter judgment against Whole Foods and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Cascades for the infringement that has occurred, together with prejudgment interest from

the date infringement of the respective Cascades Patents began and statutory costs;

B. An award to Cascades of all remedies available under 35 U.S.C. § 284, including increased damages for wilfulness;

C. An award to Cascades of all remedies available under 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the Cascades Patents; and,

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Cascades demands a trial by jury on all issues so triable.

Dated: October 16, 2013

    Cascades Branding Innovations LLC

    By: /s/ William W. Flachsbart

    William W. Flachsbart
    Robert P. Greenspoon
    Michael R. La Porte
    FLACHSBART & GREENSPOON, LLC
    333 North Michigan Avenue, Ste 2700
    Chicago, IL 60601
    T: 312-551-9500
    F: 312-551-9501

    **Attorneys for Plaintiff**
    **Cascades Branding Innovation LLC**